## In re WILLIS.

(Circuit Court, S. D. New York.     September 15, 1897.)

1. FEDERAL CONVICTS IN STATE PRISONS—RULE OF CREDITS.

A prisoner confined in a penitentiary of New York state for an offense against the United States is not entitled to an unconditional allowance for good behavior, under Rev. St. § 5543, but to the same rule of credits applicable by the law of the state to other prisoners in the same penitentiary, under section 5544.

**2.** Same—Conditional Commutation—Second Offense.

If the sentence of such a prisoner be commuted, and between the date of his discharge and the date of expiration of his full original term he is convicted of any felony, even though not for an offense against the United States, he must, under Rev. St. § 5544, incorporating, by reference, Laws N. Y. 1886. c. 21, serve in the place where confined for the later felony the unexpired term of his original sentence.

William N. Runyon, for the motion.
W. E. Kesselburgh, Jr., opposed.

LACOMBE, Circuit Judge. The petitioner here is clearly not covered by the provisions of Rev. St. U. S. § 5543, which lays down the general rule that convicts against the laws of the United States shall be entitled to an unconditional allowance for good behavior of one month in each year. He is one of the class referred to in section 5544, which provides that "all prisoners now or hereafter confined in the jails or penitentiaries of any state for offences against the United States shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary." The "rule of credits" in this state (chapter 21, Laws 1886) provides, among other things, that, whenever he shall commute sentence, the governor "shall * * * annex a condition to the effect that if any convict so commuted shall, during the period between the date of his or her discharge by reason of such commutation and the date of the expiration of the full term for which he or she was sentenced, be convicted of any felony, he or she shall * * * be compelled to serve in the prison or penitentiary in which he or she may be confined for the [later] felony * * * the remainder of the term without commutation which he or she would have been compelled to serve but for the commutation," etc. The state statute provides for a conditional commutation by instructing its officer (the governor) to insert such condition whenever he may commute sentence. That a commutation shall be invariably coupled with this condition is the "rule of credits for good behavior" which is applicable to state prisoners. The federal government does not undertake to instruct the governor of the state as to what he shall or shall not do touching federal prisoners; nor is it at all material to the case at bar that the governor did not personally commute Willis' sentence, nor "annex any conditions." The statute (section 5544) is self-executing so far as the annexing of the invariable condition to commutation is concerned. Good-conduct prisoners, by virtue of its provisions, earn a conditional commutation only, which becomes forfeited upon conviction of felony within the period of original sentence. Willis, therefore, assuming that he has failed to observe the condition, would be a federal convict who has not served the term of his imprisonment, and who has not succeeded in having his term shortened for good conduct, since his conditional commutation has become forfeited; and the remainder of such term he should be "compelled to serve in the prison * * * in which he may be confined for the [later] felony"; and such service for the remainder of the

original time is in obedience, not to any state authority, but to the original conviction in the federal court.

It is urged that the condition has not been broken, since he has committed no second offense against the laws of the United States. The language of the state statute, however, is "any felony," and the context shows that the words refer to crimes, convictions for which would bring the offender into the state prison or penitentiary. The court is referred to no state authority defining these words "any felony," and determining the question whether the provisions of the statute apply to one who, being under conviction for offense against the state laws, has had his original sentence commuted under the act of 1886, and who thereafter, and within the prescribed period, comes again into confinement in a state prison or penitentiary under conviction in a federal court of a felony against the United States. But that the words "any felony" include felonies under the state laws is self-evident, and there seems no good reason for holding that congress, when it adopted the "rule of credits" prescribed by the state, intended to change the meaning of the most important terms in which that rule is expressed. No question of jurisdiction or deprivation of rights requires any such interpretation. Having jurisdiction to impose the penalty of the full original term, the federal government had undoubted authority to couple any curtailment of that term with any conditions it chose to prescribe. It might have restricted such conditions so as to require abstention from offense against its own laws only, or it might, as it has done, require the convict who is thus enlarged, ex gratia, to continue to be a law-abiding member of the community, offending against no laws, state or federal, which he is bound to obey.

The relator, therefore, is rightly held at the expense of the federal government until he shall have filled out the full term of his conviction in the United States district court (May 13, 1885), for five years, of which he served in the Erie Penitentiary, the place of original confinement, three years and seven months only. He has not served out that full term of five years, nor is it subject to reduction under section 5543, nor has he succeeded in securing any commutation of it under the rule of credits prescribed by the state, and which, by section 5544, is made a part of the federal law. His condition is precisely the same as if he had escaped before serving out his term and been retaken. In the latter contingency there might be some question as to whether he should be held in this particular prison (Sing Sing); but, by adopting the state rule of credits without any qualification, the federal government has designated the place of his confinement as specifically as if it had been named in the sentence imposed upon him by Judge Coxe. He is not to serve out the residue of his term in Erie Penitentiary, but in the prison where his later conviction leaves him. The writ is dismissed.