## In re WALTERS.

(Circuit Court, S. D. New York. February 2, 1904.)

1. CRIMINAL LAW—FEDERAL PRISONERS—SENTENCE—PLACE OF EXECUTION.

Under Rev. St. U. S. § 5541 [U. S. Comp. St. 1901, p. 3721], providing that, in every case where any person convicted of an offense against the United States is sentenced to imprisonment for a longer period than a year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district in which the court is held, the use of which is allowed by the State Legislature for that purpose, the Circuit Court of the United States sitting in New York, in which relator was convicted on two different occasions and sen-

tenced to terms exceeding one year, was authorized to direct that his earlier sentence should be executed at the Erie County Penitentiary, and his later sentence at Sing Sing Prison.

**2. SAME—CREDITS FOR GOOD BEHAVIOR—STATUTES.**

Since Laws N. Y. 1886, p. 28, c. 21, provides a full scheme for giving credits, to prisoners confined in its state prisons, for good behavior, and is therefore made applicable to federal prisoners confined therein by Rev. St. U. S. § 5544 [U. S. Comp. St. 1901, p. 3721], Act Cong. June 21, 1902, c. 1140, 32 Stat. 397 [U. S. Comp. St. Supp. 1903, p. 448], providing a scheme of credits for federal prisoners, does not apply to such prisoners confined in the state prisons of New York who were sentenced before its enactment.

**3. SAME—GOOD TIME—FORFEITURE.**

Where, at the time of relator's sentence for a federal offense, to be served in a New York penitentiary, he was subject to Laws N. Y. 1886, p. 28, c. 21, providing a scheme of credits for good behavior for all prisoners so confined, and he was discharged a year and ten months before the expiration of his sentence by reason of credits earned under such act, such discharge was conditional on his nonconviction of a felony before the entire period of his sentence had expired, as provided by section 14 thereof; and on his being so convicted, and again sentenced to imprisonment in a New York prison, the authorities in charge thereof were authorized to detain him for a period equal to the amount of good time so previously earned, in addition to his subsequent sentence.

John Cunneen, Atty. Gen., and Henry L. Burnett, U. S. Atty. John J. Halligan, for the relator.

THOMAS, District Judge. The relator, Walters, was sentenced by the United States Circuit Court on March 13, 1899, for a term of seven years, and to pay a fine of $2,500. It was directed that the sentence should be executed in Sing Sing Prison, and that he should stand committed until the fine was paid. He has served for such time that, aside from the payment of the fine, he would be entitled to a discharge on account of commutations allowed by the statute of the state, if it were not for the act of the state of New York passed February 23, 1886 (Laws 1886, p. 28, c. 21), which, as contended, requires that the defendant serve a further time equal to the commutation received upon a former sentence in an action in the same federal court. The act fixes the commutation that may be earned by "every convict confined in any state prison or penitentiary in this state" (section 1). It requires that, "on any day not later than the twentieth day of each month, the agent and warden of each of the state prisons * * * shall forward to the Governor a report * * * of any convict or convicts who may be discharged the following month by reason of the commutation of his or her sentence * * * in the manner hereinafter provided"; and directs that the report shall, among other things, state "the amount of commutation recommended, and the date for discharge from the prison * * * if allowed" (section 4). The statute (section 6) provides for the formulation, by the Superintendent of State Prisons, of rules governing the allowance or disallowance of commutations, and for the change of such rules by the same officer, and for furnishing a copy of such rules "to every convict entitled to the benefits of this act." The seventh section of the act provides that, "for the purpose of applying the rules * * * for the allowance or

disallowance of commutation for the good conduct of any convict, a board shall be constituted in each of the prisons and penitentiaries of this state, to consist of the agent and warden in each of the state prisons and the principal keeper and the physician therein; and the warden or superintendent in each of the penitentiaries of this state, the deputy or principal keeper and the physician therein, or of the persons acting in their stead"; and that "this board shall meet once in each month before the date fixed for the transmission of their report to the Governor, as hereinbefore provided, and proceed to determine the amount of commutation which they shall recommend to be allowed to any convict, which shall not in any case exceed the amount fixed by this act"; and that "they shall have full discretion to recommend the withholding the allowance of commutation for good conduct, or a part thereof, as a punishment for offenses against the discipline of the prison or penitentiary, in accordance with the rules hereinbefore mentioned." The eighth section provides:

"In all cases, however, when the board shall recommend the withholding of the allowance of the whole or any part of commutation for good conduct, they shall forward with their report to the Governor the reasons in writing for such disallowance and the Governor may, in his discretion, decrease or increase the amount of commutation as recommended by the said board, but he shall not increase the same beyond the amount fixed by this act."

Sections 13, 14, 16, and 17 provide:

"Sec. 13. The Governor, upon the receipt of the report recommending the allowance of commutation of sentences of convicts for good conduct, as provided for in this act, may, in his discretion, allow the same and place the names of all those convicts whom he may determine to commute upon one warrant, and direct the same to the agent and warden of the state prison, or the warden or superintendent of the penitentiary wherein such convicts may be confined, who shall thereupon proceed to execute such warrant by discharging the convicts mentioned therein on the date fixed for their discharge.

"Sec. 14. The Governor shall, in commuting the sentences of convicts as provided for in this act, annex a condition to the effect that if any convict so commuted shall, during the period between the date of his or her discharge, by reason of such commutation and the date of the expiration of the full term for which he or she was sentenced, be convicted of any felony, he or she shall, in addition to the penalty which may be imposed for such felony committed in the interval as aforesaid, be compelled to serve in the prison or penitentiary in which he or she may be confined for the felony for which he or she is so convicted, the remainder of the term without commutation which he or she would have been compelled to serve but for the commutation of his or her sentence as provided for in this act."

"Sec. 16. Upon the receipt of any convict in any prison or penitentiary in this state who shall be entitled to the benefits of this act, the provisions of the same shall be read to him or her, and the meaning of the same shall be fully explained to him or her by the clerk of the prison or penitentiary.

"Sec. 17. Upon the discharge of any convict by reason of commutation of sentence for good conduct, the provisions of sections fourteen and fifteen of this act shall be read to, and their nature fully explained to him or her by the clerk of the prison or penitentiary."

In the present case Joseph Walters was sentenced to Erie County Penitentiary on May 9, 1893, by the Circuit Court of the United States, for the term of six years, and was discharged on July 13, 1897, having earned a commutation, for good conduct, of one year and ten months. Within a year and ten months after such discharge he was convicted of the felony for which he is now serving sentence. The authorities

at Sing Sing Prison detain him for the purpose of serving the time for which he received commutation of his earlier sentence. The only question is whether such detention is justified by the act of 1886.

The court was authorized to direct that relator's earlier sentence should be executed at the Erie County Penitentiary, and his later sentence at Sing Sing Prison (Rev. St. U. S. § 5541 [U. S. Comp. St. 1901, p. 3721]), and he thereupon became in all respects "subject to the same · discipline and treatment as convicts sentenced by the courts of the state or territory in which such jail or penitentiary is situated; and, while so confined therein, was "exclusively under the control of the officers having charge of the same, under the laws of such state or territory." Rev. St. § 5539 [U. S. Comp. St. 1901, p. 3720]. Sections 5543 and 5544 [U. S. Comp. St. 1901, p. 3721] provide:

"Sec. 5543. All prisoners who have been, or may be, convicted of any offense against the laws of the United States, and confined in any state jail or penitentiary in execution of the judgment upon such conviction, who so conduct themselves that no charge for misconduct is sustained against them, shall have a deduction of one month in each year made for the term of their sentence, and shall be entitled to their discharge so much the sooner, upon the certificate of the warden or keeper of such jail or penitentiary, with the approval of the Attorney General.

"Sec. 5544. The preceding section, however, shall apply to such prisoners only as are confined in jails or penitentiaries where no credits for good behavior are allowed; but, in other cases, all prisoners now or hereafter confined in the jails or penitentiaries of any state for offenses against the United States, shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary."

Act Cong. March 3, 1875, c. 145, § 1, 18 Stat. 479 [U. S. Comp. St. 1901, p. 3722], provides:

"That all prisoners who have been, or shall hereafter be, convicted of any offense against the laws of the United States, and confined, in execution of the judgment or sentence upon such conviction, in any prison or penitentiary of any state or territory which has no system of commutation for its own prisoners, shall have a deduction from their several terms of sentence of five days in each and every calendar month during which no charge of misconduct shall have been sustained against each severally, who shall be discharged at the expiration of his term of sentence less the time so deducted, and a certificate of the warden or keeper of such prison or penitentiary of such deduction shall be entered on the warrant of commitment: provided, that, if during the term of imprisonment the prisoner shall commit any offense for which he shall be convicted by a jury, all remissions theretofore made shall be thereby annulled."

Act June 21, 1902, c. 1140, 32 Stat. 397 [U. S. Comp. St. Supp. 1903, p. 448], provides:

"Section 1. That each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, or in any penitentiary, prison, or jail of any state or territory, for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence, to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison, or jail: Upon a sentence of not less than six months nor more than one year, five days for each month; upon a sentence of more than one year and less than three years, six days for each month; upon a sentence of not less than three years and less than five years, seven days for each month; upon a sentence of not less than five years and less than ten years,

eight days for each month; upon a sentence of ten years or more, ten days for each month. When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated.

"Sec. 2. That in the case of convicts in any United States penitentiary, the Attorney General shall have the power to restore to any such convict who has heretofore or may hereafter forfeit any good time by violating any existing law or prison regulation such portion of lost good time as may be proper, in his judgment, upon recommendations and evidence submitted to him by the warden in charge. Restoration, in the case of the United States convicts confined in state and territorial institutions, shall be regulated in accordance with the rules governing such institutions, respectively.

"Sec. 3. That this act shall take effect and be in force from and after thirty days from the date of its approval, and shall apply only to sentences imposed by courts subsequent to the time that this act takes effect, as hereinbefore provided. Prisoners serving under any sentence imposed prior to such time shall be entitled and receive the commutation heretofore allowed under existing laws. Such existing laws are hereby repealed as to all sentences imposed subsequent to the time when this act takes effect."

The last act is not applicable, as it does not affect persons sentenced before its enactment. Inasmuch as the act of the state of New York of 1886 does provide a full scheme for giving credits for good behavior, it is made applicable by section 5544, Rev. St. The relator was released from the Erie County Penitentiary solely through the force of the state act. Without the benefit of such act, he must have remained for the longer period of 1 year and 10 months. But he received such commutation conditionally. It was not an absolute discharge. There was no law for an absolute discharge. The good behavior must have been earned pursuant to the rules established by the superintendent. Report thereon to the Governor of the state was required, and action by the Governor was required to grant or to confirm the commutation; and the Governor had no power to grant it except upon the condition that, if relator was convicted of a felony before the expiration of the 1 year and 10 months, he should serve for a like time in connection with the immediate sentence for his later offense. There is no logical escape from this conclusion, and it is supported by the decision in Re Willis (C. C.) 83 Fed. 148. It is unimportant that in the Willis Case the first imprisonment was upon a judgment of the state court, while the second sentence was pursuant to a sentence in the federal court; nor is it important in this case that both sentences are from the federal court. In neither case could the prisoner earn or receive commutation except under the statute of 1886, and that, too, upon the condition subsequent which he violated, and which must result in his detention until he shall have fulfilled the requirement following such breach, as commanded by the law of the state. In re Raymond (D. C.) 110 Fed. 155.

The writ is dismissed.